UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
CHRISTOPHER HIRAM CANO,

                        Plaintiff,

          - against -

OFFICER OXLEY,

                        Defendant.
----------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

18-cv-3428 (BMC) (CLP)

**COGAN**, District Judge.

      Plaintiff *pro se* has filed an amended complaint under 42 U.S.C. § 1983, alleging, in essence, that while he was in defendant's custody, she had unwanted sexual contact with him. The undisputed facts, particularly as admitted to by plaintiff in the transcript of an internal interview about the incident at the Department of Corrections, shows that there was nothing sexual about this contact; defendant was merely doing her job. Defendant's motion for judgment on the pleadings is therefore granted.[1]

---

[1] In a letter dated February 19, 2019, prior to the submission of this motion, plaintiff requested, *inter alia*, leave to file an "addendum" asserting another sexual assault claim against this defendant that arose from a different incident on a different date. Defendant responded that to the extent the Court deemed this to be a motion to amend, it should be denied as futile because (1) plaintiff also gave an interview to investigators that contradicted this proposed claim; and (2) the proposed claim is almost identical to one that plaintiff previously asserted against other defendants and which the Court dismissed. I don't see how defendant expects me to know that since plaintiff has not told me what the proposed claim is other than a "sexual harassment" claim, nor do I know how defendant expects me to take into account the transcript of the interview with plaintiff concerning this new incident since I don't have it. For these reasons, I am not treating plaintiff's letter as a motion to amend. As plaintiff notes in his letter, he may attempt to bring a new action against this defendant based on this separate incident.

**BACKGROUND**

The following allegations are taken from the amended complaint and plaintiff's recorded and transcribed statement to the Department of Corrections about the incident that is the subject matter of this action.

In April, 2018,[2] plaintiff was in the custody of the New York City Department of Corrections. When he came back from a visit to the law library in the late morning, he had an understanding that he was subject to a pat-down search ("pat-frisk," as he called it). It was his further understanding that there were two areas on his body that the officer searching him was not allowed to touch: his buttocks and his penis, at least not without first asking for permission. To touch either of those areas without permission, he believed, would be sexual assault *per se*.

With that understanding, he clipped a pen to the inside of his boxer shorts before he returned from the library. It was not clipped to the waistband, but under it, above or next to his penis. Defendant frisked him, first feeling along his waist line, and apparently ascertained that there was a pen just below it. She then reached into his boxers and removed the pen.

In his complaint, plaintiff alleges that defendant "knowingly and forcibly touched my pubic region and the glans penis to seize my pen in a humiliating way." However, before he filed this lawsuit, when asked by investigators to describe what had happened, plaintiff stated as follows:

> Inv. Claxton: -- did she -- did she touch your penis? It's a simple "yes" or "no", sir.

---

[2] The complaint identifies the date of this incident as April 25, 2018, but a transcript of investigators' interview of plaintiff about this incident indicates that the interview occurred on April 4, 2018.

> Mr. Cano: She didn't touch my penis, but she touched my pelvic[3] --
>
> Inv. Newton: Your pelvic -- your pelvic area?
>
> Mr. Cano: Yes.
>
> Inv. Claxton: But she didn't touch your penis.
>
> Mr. Cano: She didn't touch my penis.

Plaintiff also stated that he understood that inmates are permitted to have a specific kind of pen for their personal use which is obtainable through the commissary. Plaintiff knew at the time that the pen he was concealing was not authorized, and therefore contraband.

## DISCUSSION

In deciding a motion under Federal Rule of Civil Procedure 12(c), courts in the Second Circuit "employ[ ] the same . . . standard applicable to dismissals pursuant to [Rule] 12(b)(6) . . ." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011) (quoting Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009)). One difference between the two motions is that defendant's answer, including any annexed exhibits, may also be considered, depending on the nature of those exhibits. "On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc., 647 F.3d at 422 (quoting, Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). Here, there is no unfairness in considering the exhibit attached to defendant's answer since it is a transcript of plaintiff's own recorded and transcribed statement about the incident that is the subject of his complaint.

Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

---

[3] Plaintiff may have meant "pubic area," or it may be a transcription error.

(internal quotation marks and citations omitted); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Such pleadings are "to be liberally construed," Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Although plaintiff has not opposed defendant's motion, I have considered if there are any viable arguments that he might have made to defeat it.

Despite the leniency given to *pro se* plaintiffs, a plaintiff cannot take a position in opposing a dispositive motion that is contradicted by his own statements. Cf. Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 482 (2d Cir. 2014) (plaintiff cannot defeat summary judgment by introducing affidavit that contradicts his deposition testimony); Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997) (same). That rule seems equally or more applicable to a recorded and transcribed pre-litigation statement given by plaintiff to investigators that flatly contradicts the allegations in his complaint. Cf. Valcarcel v. City of New York, No. 13-cv-1740, 2014 WL 4370814, at *2, 8-9 (E.D.N.Y. July 29, 2014) (plaintiff's pre-litigation 50-H statement controlling where it contradicted the allegations in his complaint and his Local Rule 56.1 statement).

Sexual contact with prisoners by a corrections officer for the purpose of the officer's gratification or humiliation of the prisoner is reprehensible conduct that violates the Eighth Amendment and is actionable under 42 U.S.C. § 1983. "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015).

But that is not at all what happened here. According to plaintiff's own statement, he attempted to conceal contraband in an area that he thought (mistakenly) was off-limits, and all

4

that defendant did was to remove that which defendant knew was contraband. In doing so, she had no contact with his genitalia, and indeed no more contact than was necessary to remove the contraband. The penological purpose is self-evident.

Plaintiff's attempt to use the Eighth Amendment as a sword to recover damages for his own misconduct of concealing contraband instead of the shield that it is intended to be must be rejected. Otherwise, there would indeed be a "no-go zone" that corrections officers could not search and which would allow the unfettered possession of any contraband items small enough to conceal in that area.

In his statement to the investigators, plaintiff asserted that defendant should have first asked him to remove the pen himself and give it to her. I see nothing in the Eighth Amendment that would require a prison guard to let a prisoner grab a pointed, cylindrical object with his hand in the hope that he would then politely turn it over to her. Attacks on prison guards can happen in an instant and a prison guard does not have to take that risk from a prisoner who knowingly conceals contraband. To hold otherwise would be not much different than holding that a police officer in the street who detects a firearm in a suspect's groin area has to first ask the suspect to hand it to him before taking it himself.

Numerous cases have found the absence of an Eighth Amendment violation for equally or more offensive or intrusive conduct than that described by plaintiff here. See e.g. Colon v. Annucci, 344 F. Supp. 3d 612, 642-43 (S.D.N.Y. 2018); Shtilman v. Makram, No. 14-cv-6589, 2018 WL 3745670 (S.D.N.Y. Aug. 6, 2018); Abrams v. Erfe, No. 17-cv-1570, 2018 WL 691714 (D. Conn. Feb. 2, 2018); Grant v. Norfleett, No. 17-CV-328, 2017 WL 1902150, at *3 (D. Conn. May 9, 2017). Plaintiff's Eighth Amendment claim fails based on his own description of the incident.

## CONCLUSION

Defendant's [24] motion for judgment on the pleadings is granted. The Clerk is directed to enter judgment, dismissing the complaint.

**SO ORDERED.**

                                                              _____
                                                                           U.S.D.J.

Dated: Brooklyn, New York
       April 15, 2019